UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>    v.<br><br>KADE GARRETT RANDALL,<br><br>               Defendant. | CASE NO. 25-mj-00728-PLM-JHC<br><br>ORDER |

This matter comes before the Court on the Government's Motion for Review of Release Order. Dkt. # 13. On November 19, 2025, Magistrate Judge Brian A. Tsuchida ordered Defendant to be released and placed on bond. Dkt. # 11. The Government appeals the release of Defendant. Dkt. ## 13, 17. Defendant maintains that the release order should be affirmed. Dkt. # 16. The Court has reviewed the materials filed in support of and in opposition to the motion, the case file, and governing law. Being fully advised, the Court rules as follows:

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq*., requires the release of a defendant facing trial unless there is a determination "that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). When the alleged offense—as is the case here—involves a minor victim, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community and appearance of the defendant as required.

ORDER - 1

*See* 18 U.S.C. § 3142(e)(3)(E). Even so, the Government still bears the burden of proving "by clear and convincing evidence that the defendant poses a danger to the community or, by a preponderance of the evidence, that the defendant is a flight risk." *United States v. Kuyateh*, 2025 WL 241112, at *1 (W.D. Wash. 2025) (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)); *see United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (Government retains the burden of persuasion even when alleged offense carries a presumption of detention). The Ninth Circuit has further cautioned that "[o]nly in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)). The Court reviews the Magistrate Judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990).

To determine whether there are conditions of release that will protect the safety of the community and assure the appearance of the defendant as required, courts consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is to be released. 18 U.S.C. § 1942(g).

The Government concedes that Defendant does not pose a flight risk. Dkt. # 13 at 5 n.3. And the bond conditions imposed on Defendant overcome the presumption that he will endanger the safety of the community. *See* Dkt. # 12. He must comply with a wide range of conditions that will limit his access to digital devices, restrict his ability to go to places where minors are known to congregate, and require him to notify his employer of the pending charges. *Id.* He must also abide by mandatory conditions under the Adam Walsh Act that include participation in a location monitoring program, submitting to the U.S. Probation and Pretrial Services Computer Monitoring Program, and participation in a pretrial support group. *Id.*

In addition, the Government fails to show by clear and convincing evidence that Defendant poses a danger to the community.  *See* Dkt. # 13 at 7–13.  On one hand, the nature and circumstances of the charged offense are undeniably serious.  The weight of the evidence against him is also substantial, although this is also the least important factor.  *Hir*, 517 F.3d at 1090.  But Defendant's history and characteristics do not support detention.  According to the record, he does not have a criminal history, is presently employed, does not have a drug addiction, is married, and has stable housing.  *See* Dkt. # 18-1 at 19:13–23.  And the Government's concern that Defendant will pose a risk to the community if he is released turns on the speculation that he will somehow use a "secret device" to get back online and "wreak havoc."  Dkt. # 13 at 10–12.  Naturally, this is possible.  Still, the Government does not show that Defendant is likely to circumvent the serious and restrictive bond conditions imposed on him.  Nor does the Government consider that Defendant's sentence can be increased by up to ten years if he commits a felony while on release.  Dkt. # 12.  All in all, the Government's arguments fail to instill an "abiding conviction" that it is highly probably Defendant will be a danger to the community if he is released.  *Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015) (en banc).  What is more, as much as this is a close case, doubt must be resolved in Defendant's favor.  *Santos-Flores*, 794 F.3d at 1090.

Accordingly, the Court AFFIRMS the order to release Defendant from custody, pending further proceedings, on the conditions imposed.  Dkt. # 11; *see* Dkt. # 12.

Dated this 4th day of December, 2025.

John H. Chun
United States District Judge

ORDER - 3